No. 765

STATE ex v. JUSTICE et

No. 19261. Supreme Court

In Prohibition. Dock. July 13, 1925; 3 Abs. 451.

**683. JURISDICTION—Does court, in county where property is to be levied upon, have jurisdiction to temporarily restrain the levying upon and disposition of property for satisfaction of judgments obtained in a different county?**

The state, on the relation of B. Alfred Carmody, D. J. Brophy and Jesse Vickery as relators bring this action against Charles L. Justice and Louis B. McNeal, judges of the Common Pleas and Probate Court of Marion County, respectively.

It is said by the relators that Carmody recovered a judgment of $1035.42 against Albert and Emma Starner, in the Cuyahoga Common Pleas; and an execution was duly issued to the sheriff of Marion county to collect same which was due.

It is further claimed that the relators, Brophy and Vickery recovered against Starner a judgment for $165.93. An execution was issued to the sheriff of Marion County with instructions to levy upon sufficient property belonging to Starner to satisfy judgment. These executions were returned to clerk of courts of Cuyahoga County by the sheriff of Marion County because an injunction was granted by Judge Justice, on prayer of Starner, to re-

strain these relators from "levying upon or disposing of" any property of his.

Another judgment of $111.98 was recovered against Starner, which is based on one of the series of notes as are all the judgments. Executions have been caused to be issued to the sheriff of Marion County for satisfaction of said judgments. It is claimed that relators have reason to and do believe that Judge Justice will grant Starner temporary injunctions restraining the levying upon or disposition of said property; and if Judge Justice is absent at time of application for said injunction, same will be granted by Judge McNeal of the Marion Probate Court.

Relators further say that the Cuyahoga Common Pleas has exclusive jurisdiction over said judgments and has granted full and complete protection to Starner; and that neither judge in Marion County have authority to grant any temporary injunction in this matter.

A writ of prohibition is prayed for to restrain Judge Justice and Judge McNeal of the Marion Common Pleas and Probate Court respectively, from making any order, granting any injunction, or from taking any steps to prevent the levying of said execution upon property of the Starners.

Attorneys—D. J. Brophy and Vickery & Vickery for Carmody; all of Cleveland.